UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22541-CIV-ROSENBAUM

ULTRA ENTERPRISES, INC., a Florida
corporation, *et al.*,

        Plaintiffs,

v.

SRO FESTIVALS, AB, a Swedish entity,
*et al.*,

        Defendants.
_____/

**ORDER ON PLAINTIFFS' VERIFIED
*EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiffs' Verified *Ex Parte* Motion For: (A) Temporary Restraining Order; and, (B) Order to Show Cause Why a Preliminary Injunction Should Not Issue [D.E. 15]. The Court has carefully considered Plaintiffs' Motion and attached exhibits and is otherwise fully advised in the premises.

Rule 65(b)(1), Fed. R. Civ. P., governs the issuance of *ex parte* temporary restraining orders without notice. Under Rule 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party or its attorney

    only if:

    (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***

    (B)    the movant's attorney certifies in writing any efforts made to

give notice and the reasons why it should not be required.

(emphasis added).

Here, Plaintiffs have sought to meet the requirements of Rule 65(b)(1)(A) through their filings, but Plaintiffs do not appear to attempt to fulfill the requirements of Rule 65(b)(1)(B), instead relying on their submission with respect to Rule 65(b)(1)(A) to satisfy both subsections of Rule 65(b)(1). Significantly, however, Rule 65(b)(1) employs the conjunctive between subsections (b)(1)(A) and (b)(1)(B), thus requiring each provision to be satisfied separately before an *ex parte* temporary restraining order may be issued. If a party could meet subsection (b)(1)(B) merely by its allegations pertaining to subsection (b)(1)(A), the rule would read in the disjunctive.

In this case, Plaintiffs have not shown a harm that would result from providing Defendants with notice, such as destruction of evidence or dispersal of assets, which might justify the conclusion that notice should not be required. Nor have Plaintiffs certified in writing that they have made any efforts to give notice to Defendants but Defendants are not able to respond promptly enough that would support a finding that the Court should not wait to hear from Defendants.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiffs' Verified *Ex Parte* Motion For: (A) Temporary Restraining Order; and, (B) Order to Show Cause Why a Preliminary Injunction Should Not Issue [D.E. 15] is **DENIED WITHOUT PREJUDICE**. Should Plaintiffs satisfactorily comply with Rule 65(b)(1)(B), Fed. R. Civ. P., the Court will consider their Motion anew. Alternatively, Plaintiffs may seek to convert their *Ex Parte* Verified Motion into a motion for

temporary restraining order with notice to Defendants.

**DONE and ORDERED** this 25th day of July 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record